IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK A. GOSSETT, *et al.*, | |
| Plaintiffs, | Case No. 2018-cv-06847 |
| v. | Magistrate Judge Young B. Kim |
| TREASURE ISLAND FOODS, INC., *et al.*, | |
| Defendants. | |

THE PARTIES' JOINT MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The Parties, by and through their undersigned counsel, move for final approval of the class action settlement reached by the Parties through arms-length negotiations. The proposed Settlement resolves all claims in this action.

I.     INTRODUCTION

Per the Settlement, Defendant is required to pay a total of $300,000.00 into a settlement fund ("Fund"), in resolution of this claim. Eligible Class Members will receive a *pro rata* payment from this Fund. No portion of the Fund will revert back to Treasure Island. This Court preliminarily approved the Agreement on August 30, 2019 and at that time appointed Mark A. Gossett, Sandra Roman, Telia P. Wilson, Timikii Coburn, Antonia Morales, Antonio Munoz, Jesse Lofton, David Z. Leon, Kevin M. Jackson, and Lorenzo Escamilla, Jr. as class representatives, named Caffarelli & Associates Ltd. and Allison, Slutsky, & Kennedy, P.C. as Class Counsel, and designated Simpluris, Inc. as Class Administrator. Docket Entry ("D.E.") 54. Consistent with the preliminary approval order, the Class Administrator mailed notices on September 27, 2019. The notices advised Class Members of their right to file a claim, opt out

from the settlement, object to the Settlement, or do nothing, and the implications of each action. The notices also informed Class Members that their individual award would be estimated based upon his or her hours worked and average rate of pay during the relevant timeframe. The settlement has been extremely well received – specifically, the Class Administrator has reported that **no class member has opted out** of the settlement and that **no class member has objected** to the settlement as of the November 29, 2019 deadline for opting out and filing objections. Moreover, there is an **astounding $73.9% participation rate**, which is astronomically higher than the typical 15-20% rates seen in most wage an hour class action settlements. For the reasons set forth below, this Settlement meets the standards for final approval.

## II. BACKGROUND

### A. Plaintiffs' Claims and the Parties' Settlement Negotiations

On or around September 26, 2018, Defendants shuttered all Treasure Island locations, terminating all employees in a mass layoff. Plaintiffs filed suit in October 2018, alleging that Defendant's practices violated the IWPCA, IWARN, and WARN. Specifically, Plaintiffs alleged that Defendants failed to provide their employees with full payment of all accrued but unused vacation time ("PTO") as part of their final compensation, in violation of the IWPCA. Plaintiffs also alleged that Defendants failed to provide IWARN and WARN Class Members with sixty (60) days prior written notice, or payment in lieu of notice, before terminating their employment due to a mass layoff or plant closing as defined and required by the law. Defendants deny Plaintiffs' claims and do not concede any liability under the law. Leading up to and as part of settlement discussions, Defendants provided numerous documents and information to Plaintiffs' counsel, which allowed counsel to weigh the strength of the underlying claims, possible defenses to liability, as well as the Defendants' financial viability

and risk of bankruptcy or other inability to satisfy a successful judgment. Recognizing the risk to both sides, the Parties discussed the possibility of settling this case on a class basis for all three claims at issue. After several months of consideration and discussion, the Parties attended a settlement conference with U.S. Magistrate Judge Kim. After intense settlement discussions and over the course of the subsequent weeks with the assistance of the Magistrate, the Parties reached an agreement on all material terms that they believe represent a full and fair resolution of the claims in light of all possible defenses and other barriers to a full recovery on the merits. On August 19, 2019, Plaintiffs filed a Motion for Preliminary Approval of the Class Action Settlement which this Court subsequently granted on August 30, 2019.

### B. The Settlement Class

There are two general classes in this case, as described herein. Individuals may belong to one or both classes and must have submitted a timely, complete, and approved claim in order to participate in each class settlement and receive payment. The IWPCA Class consists of "all IWARN and WARN Class members within the state of Illinois except members of the United Food and Commercial Workers International Union, Local 1546 ("Local 1546") and members of I.B. of T. Local Union 703, who (1) were employed by Defendants; (2) earned and accrued vacation and/or sick time as Paid Time Off during their employment; (3) had accrued but unused Paid Time Off remaining at the time that (4) their employment with Defendants ended, and who (5) were not paid their accrued but unused Paid Time Off as part of their final compensation". The IWARN and WARN Class consists of "all employees, except members of the United Food and Commercial Workers International Union, Local 1546 ("Local 1546"), who (1) were employed by Defendants and (2) were terminated within 30 days of September 26, 2018, or (3) were terminated as the reasonably foreseeable consequence of the plant closing and/or mass layoffs by Defendants on or around September 26, 2018, who (4) are affected employees within the meaning of the applicable statutes, who (5) did not receive at least 60 days prior notice of the plant closing and/or mass layoff." See Settlement

Agreement, attached as **Exhibit A**.

### C. Administration and Notice

On August 30, 2019, this Court issued a preliminary approval order certifying the class, appointing Plaintiff Mark A. Gossett, Sandra Roman, Telia P. Wilson, Timikii Coburn, Antonia Morales, Jesse Lofton, David Z. Leon, Kevin M. Jackson, and Lorenzo Escamilla, Jr. as class representatives, naming Caffarelli & Associates Ltd. as Class Counsel, and naming Simpluris, Inc. as Class Administrator. D.E. 54. Consistent with the preliminary approval order, Counsel for Defendant provided the Claims Administrator with a mailing list of the 519 individuals identified as Class Members. Butler Decl. at ¶ 5, attached as **Exhibit B**. The Class List included names, addresses, Social Security Numbers, and pertinent employment information during the Class Period for the Class Members. Id. The Claims Administrator cross-referenced the names and addresses with the U.S. Postal Service's ("USPS") National Change of Address Database and, though this method, updated any outdated addresses. Id. at ¶ 6. On September 27, 2019, the Claims Administrator mailed Notice Packets to all 519 Class Members contained in the Class List. Id. at ¶ 7. After the initial mailing, USPS returned 46 Notice Packets to the Claims Administrator. Id. at ¶ 8. Through additional searches, Simpluris was able to locate updated addresses until ultimately 9 Notice Packets remained undeliverable. Id.

After the conclusion of the claims period, Simpluris received claims from 244 IWARN Claimants and 150 from IWPCA ("PTO") Claimants. Id. at ¶ 9. The 244 IWARN Claimants represent $142,000 (73.96%) of the settlement fund. The 150 PTO Claimants represented $50,000 (26.04%). Id. Since that amount exceeded the maximum amount of $50,000, amounts have been reduced on a pro rata basis to meet the maximum amount. Id. Claimants were allowed to be part of both subclasses; therefore, the total amount of claims is represented by 394

4

individual Class Members. Id. The 394 Qualified Claimants represent 75.91% of the entire Settlement Class. Id.

### D. Monetary Relief for Participating Claimants

The negotiations in this case took place between attorneys experienced in the litigation, certification, trial and settlement of class actions. Counsel for both parties are experienced in wage litigation, and understand the legal and factual issues involved in the case. As a result, Class Counsel were well-positioned to evaluate the strengths and weaknesses of their case, as well as the appropriate basis upon which to settle it. The ultimate monetary value of the settlement, $300,000.00, was reached following arms-length negotiations over a period of several weeks. The Gross Settlement Fund provides for: (1) settlement payments to all Qualified Class Members as defined in the Settlement Agreement; (2) Plaintiffs' counsel's approved attorneys' fees and costs; and (3) the Claim Administrator's fees and costs.

From the gross Settlement Fund of $300,000, deductions will be made for (a) administration costs ($8,000); and (b) attorneys' fees and costs ($100,000), pending the Court's approval. Following these deductions, the Net Settlement Fund is $192,000 which pursuant to the terms of the Settlement Agreement will be divided and paid on a pro rata basis to any individuals who have submitted a claim under IWARN and WARN by returning a claim form to the Administrator. The pro rata division of the Net Settlement Fund shall be determined based upon each individual's average hours worked from July to September 2018, multiplied by his or her average pay rate. Any funds remaining in the Settlement Fund resulting from a Qualified Class Member's failure to cash or deposit his or her distribution check within ninety (90) days shall be given to the Mayo Clinic in Rochester Minnesota in memory of Christ Kamberos, for the purpose of treating indigent patients as *cy pres*. No portion of the Settlement Fund will revert to the Defendant. Further, the Agreement does not provide any "clear sailing" provision regarding attorneys' fees.

### III. FINAL APPROVAL IS WARRANTED

#### A. The Settlement Approval Process

Under Federal Rule of Civil Procedure 23(a)(1), a court may approve a class action settlement if it is "fair, adequate, and reasonable, and not a product of collusion." There is usually a presumption of fairness when a proposed class settlement "is the product of arm's length negotiations, sufficient discovery has been taken to allow the parties and the court to act intelligently, and counsel involved are competent and experienced." H. Newberg, A. Conte, Newberg on Class Actions § 11.41 (4th ed. 2002); *Boggess v. Hogan*, 410 F. Supp. 433, 438 (N.D. Ill. 1975). Federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain:

> It is axiomatic that the federal courts look with great favor upon the voluntary resolution of litigation through settlement. In the class action context in particular, there is an overriding public interest in favor of settlement. Settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources.

*Armstrong v. Bd. Of Sch. Dirs. Of the City of Milwaukee*, 616 F.2d 305, 312-13 (7th Cir. 1980) (citations and quotations omitted), overruled on other grounds by *Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998); *see also Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."); 4 *Newberg on Class Actions* § 11.41 (4th ed. 2002) (citing cases). The traditional means for handling claims like those at issue here — individual litigation — would unduly tax the court system, require a massive expenditure of public and private resources and, given the relatively small value of the claims of certain individual Class Members, would be impracticable. Thus, the proposed

Settlement is the best vehicle for Class Members to receive relief to which they are entitled in a prompt and efficient manner.

The *Manual for Complex Litigation* (Fourth) (2004) § 21.63 describes a three-step procedure for approval of class action settlements:

> (1) Preliminary approval of the proposed settlement at an informal hearing;
>
> (2) Dissemination of mailed and/or published notice of the settlement to all affected class members; and
>
> (3) A "formal fairness hearing" or final settlement approval hearing, at which class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

This procedure, used by courts in this Circuit and endorsed by class action commentator Professor Newberg, safeguards class members' due process rights and enables the Court to fulfill its role as the guardian of class interests. 4 *Newberg* § 11.25. The first two steps in this process have occurred. With this Motion, Plaintiff respectfully requests that the Court take the third and final step in the process by granting final approval of the Settlement.

### B. The Settlement is Fair, Reasonable, and Adequate

A proposed class action settlement should be approved if the Court finds that the settlement is "fair, reasonable, and adequate." *See* Fed. R. Civ. P. 23€(2). The Seventh Circuit explained in *Isby*: "Federal courts naturally favor the settlement of class action litigation. Although such settlements must be approved by the district court, its inquiry is limited to the consideration of whether the proposed settlement is lawful, fair, reasonable, and adequate." 75 F.3d at 1196. In determining whether a settlement is "fair, reasonable, and adequate" at the final approval stage, the Court should consider the following factors: "the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity,

7

length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of settlement." *Id.*

In this case, an examination of these factors demonstrates that the Settlement is fair, reasonable, and adequate to the members of the class, and should be granted final approval by the Court. The Settlement was reached after extensive analysis of the voluminous and detailed records provided by Treasure Island, and after the parties' counsel weighed the strengths and weaknesses of the case during their settlement discussions. The negotiations took place at arms-length between attorneys experienced in the litigation, certification, trial and settlement of class actions. Counsel for both parties are specifically experienced in wage litigation, and understand the legal and factual issues involved in the case. As a result, the attorneys for the parties were well-positioned to evaluate the strengths and weaknesses of their clients' positions, as well as the appropriate basis upon which to settle the claims. The amounts to be paid to the Class Members per the Settlement are significant, as described above. Moreover, both Plaintiff's motion for preliminary approval and Class Counsel's fee petition were unopposed. These facts weigh strongly in favor of final approval. *See McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F. Supp. 2d. 806, 812 (E.D. Wis. 2009) (factors including that "counsel endorses the settlement and it was achieved after arms-length negotiations facilitated by a mediator . . . suggest that the settlement is fair and merits final approval").

In addition, litigation would be lengthy and expensive if this action were to proceed. Although Defendant provided a significant amount of information regarding the Class Members' hours worked and compensation, the parties had not actually engaged in formal discovery prior to the mediation. Therefore, absent a negotiated resolution the parties would

each be required to expend tens of thousands of dollars, if not more, in fees and costs through written discovery, depositions, and motion practice (summary judgment is arguable on either side). It would likely be more than a year before the case would proceed to trial, and any judgment could be further delayed by the appeal process. Rather than facing the uncertainty of a potential award (or loss) years from now, the Settlement allows Plaintiff and the Class Members to receive immediate, certain, and sizeable relief. *See e.g. Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 586 (N.D. Ill. 2011) (citation omitted) ("Settlement allows the class to avoid the inherent risk, complexity, time, and cost associated with continued litigation").

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order granting final approval of the Settlement. A copy of the proposed final approval order is attached as **Exhibit C** and will be submitted to the Court via e-mail at proposed_order_kim @ilnd.uscourts.gov at the time of filing of this motion.

Dated: January 10, 2020

Respectfully submitted,

| | |
|---|---|
| MARK A. GOSSETT, SANDRA ROMAN, TELIA P. WILSON, TIMIKII COBURN, ANTONIA MORALES, ANTONIO MUNOZ, JESSE LOFTON, DAVID Z. LEON, KEVIN M. JACKSON, AND LORENZO ESCAMILLA, JR., on behalf of themselves and all others similarly situated, | TREASURE ISLAND FOODS, INC., AND TREASURE ISLAND FOODS MONTROSE CORP., THE MAGAZI, INC., MARIA KAMBEROS, individually, and CHRIST KAMBEROS, individually. |
| by: /s/ *Alejandro Caffarelli*<br>　　Attorney for the Plaintiff | by: /s/ *Kearney Kilens*<br>　　One of Defendants' Attorneys |
| Alejandro Caffarelli<br>Lorrie T. Peeters<br>Caffarelli & Associates Ltd.<br>224 N. Michigan Ave., Ste. 300<br>Chicago, IL 60604<br>acaffarelli@caffarelli.com<br>mengel@caffarelli.com | Kearney Kilens, #6190877<br>Litchfield Cavo LLP<br>303 W. Madison St., Ste. 300<br>Chicago, IL 60606<br>kilens@litchfieldcavo.com |

by: /s/ *Karen Engelhardt*

Karen Engelhardt
Allison, Slutsky, & Kennedy, P.C.
230 W. Monroe St., Ste. 2600
Chicago, IL 60606
kie@ask-attorneys.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the attached, **Parties' Joint Motion for Final Approval of Class Action Settlement**, will be served upon the following parties by electronically filing with the Clerk of the U.S. District Court of the Northern District of Illinois on January 10, 2020:

- Alejandro Caffarelli: acaffarelli@caffarelli.com

- Karen I. Engelhardt: kie@ask-attorneys.com

- David Lawrence Kane: dkane@vedderprice.com, phollerbach@vedderprice.com, ecfdocket@vedderprice.com

- Wesley G. S. Kennedy: kennedy@ask-attorneys.com

- Kearney Wood Kilens: kilens@litchfieldcavo.com, kulik@litchfieldcavo.com, Vanderschaaf@litchfieldcavo.com

- Lorraine Teraldico Peeters: lpeeters@caffarelli.com, jgermann@caffarelli.com

- Ryan Matthew Thoma: thoma@ask-attorneys.com

- Victoria Vanderschaaf: vanderschaaf@litchfieldcavo.com

/s/ *Alejandro Caffarelli*
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Suite 300
Chicago, IL 60604

11