UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK A. GOSSET, et al., | ) |
|                                   Plaintiffs, | ) No. 18 CV 6847 |
| v. | ) Magistrate Judge Young B. Kim |
| TREASURE ISLAND FOODS, INC. et al., | ) |
|                                   Defendants. | ) January 31, 2020 |

**FINAL APPROVAL ORDER**

The Court having held a final approval hearing on January 31, 2020, notice of the hearing having been duly given in accordance with this Court's order preliminarily approving class settlement, conditionally certifying a settlement class, approving the notice plan, and setting final approval hearing (the "Preliminary Approval Order"), having considered all matters submitted to it at the final approval hearing and otherwise, and finding good cause and no just reason for delaying the entry of this order, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. The Settlement Agreement and Release, including its Exhibits (the "Agreement"), and the definition of words and terms included therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order, (R. 54), are also incorporated by reference in this Final Approval Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> The "IWARN Class" and the "WARN Class" include "all employees, except members of the United Food and Commercial Workers International Union, Local 1546 ("Local 1546"), who (1) were employed by Defendants and (2) were terminated within 30 days of September 26, 2018, or (3) were terminated as the reasonably foreseeable consequence of the plant closing and/or mass layoffs by Defendants on or around September 26, 2018, who (4) are affected employees within the meaning of the applicable statutes, who (5) did not receive at least 60 days prior notice of the plant closing and/or mass layoff."

> The "IWPCA Class" includes "all IWARN and WARN Class members within the state of Illinois except members of the United Food and Commercial Workers International Union, Local 1546 ("Local 1546") and members of I.B. of T. Local Union 703, who (1) were employed by Defendants; (2) earned and accrued vacation and/or sick time as Paid Time Off during their employment; (3) had accrued but unused Paid Time Off remaining at the time that (4) their employment with Defendants ended, and who (5) were not paid their accrued but unused Paid Time Off as part of their final compensation."

3. The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiffs and Treasure Island, Inc.

4. The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Agreement and that the Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the class notice and claims submission procedures set forth in the Agreement fully satisfy 29 U.S.C. § 216, Rule

23 of the Federal Rules of Civil Procedure, and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.

6. The Court hereby finally approves the Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with 29 U.S.C. § 216 and Rule 23 of the Federal Rules of Civil Procedure.

7. The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Action satisfies all the requirements of 29 U.S.C. § 216 and Rule 23 of the Federal Rules of Civil Procedure.

8. The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Claims Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of Settlement Awards and any Remainder Distribution thereafter.

9. This Court hereby dismisses this Action with prejudice but without costs to any party except as expressly provided for in the Agreement.

10. As of the Effective Date, the Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims.

11. Plaintiffs and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of Plaintiffs or any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, any individual, class or putative class, representative, or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction.

12. The Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Treasure Island, Inc., or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except: (1) for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Final Approval Order; and (2) Treasure Island, Inc. may admit the Settlement, and/or any act performed or document executed pursuant to or in furtherance of the Settlement,

4

into evidence for any purpose in any proceeding it may bring against anyone other than Plaintiffs or a Class Member.

13. By incorporating the Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

14. The Court grants Class Counsel's application for attorneys' fees and costs in the amount of $100,000 which is 1/3 of the Settlement Amount because this fee amount is reasonable and fair.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**